JOHN H. KINZIE, appellant, *v.* THE TRUSTEES OF THE TOWN OF CHICAGO, appellees.

*Appeal from Cook.*

A body corporate can act only in the mode prescribed by the law creating it.
A lease, executed by the " Trustees of the town of Chicago," without the corporate seal, is void.
The mode of assenting to, and authenticating, the acts of a corporate body, which uses a seal, is to affix the seal, with a declaration, that it is the seal of the corporation, and to verify the act by the signatures of the president and secretary.
A plea to an action upon a note, that the consideration was a lease which was illegal, null, and void, is good.

THIS cause was heard in the Court below, at the May term, 1837, before the Hon. John Pearson.

JAMES GRANT and J. YOUNG SCAMMON, for the appellant.

THOMAS FORD, for the appellee.

SMITH, Justice, delivered the opinion of the Court :

This was an action of *assumpsit* on two promissory notes, made by Kinzie, and endorsed to the Trustees.

The declaration is in the usual form. The defendant, in the Circuit Court, pleaded nine several pleas, some of which averred special matter, and a want of consideration, and failure of consideration for the making of the notes, while others averred a want of power in the Trustees to make two certain leases, for which it is alleged the notes were given. The fifth plea states, that the notes were given for two leases, made by the Trustees to the defendant, for the wharfing privileges in front of Lot number One, and twenty feet on the east side of Lot Two, in Block Two, in the original town of Chicago ; and that the said cases were illegal, null, and void ; and that, therefore, there was an entire failure of the whole consideration on which the notes were founded.

The Trustees replied to the first, second, fourth and fifth pleas of the defendant, by setting out the two leases in *hœc verba ;* and averred that the execution and delivery to the defendant of their leases, were the considerations upon which the notes were given, and for the further purpose of securing the payment of the rent then due.

To this replication there was a demurrer, and special causes of demurrer, besides general ones, were assigned.

It does not, however, become important to notice those special causes, nor to state the other portions of the pleadings in the cause, as we apprehend the case will turn on the question of the legality of the two leases set out in the replication. If those leases are void, then there can be no doubt that the Circuit Court

ought to have rendered judgment for the defendant on the demurrer.

By the " *Act* " of February 11th, 1835, "*to change the corporate powers of the town of Chicago*," (1) it is declared, that the individuals therein named, and their successors, shall be a body politic and corporate by the name of the " Trustees of the town of Chicago," and that they shall have a common seal. The Trustees, then, being a body corporate, the invariable rule is, that such body can act only in the mode prescribed by the law creating it. This was so held in the case of Betts *v.* Menard, decided in this Court, December term, 1831. (2)    Testing the execution of the leases by this rule, it will be seen, that these leases are void for want of the corporate seal being affixed to them.    In the mode of execution adopted, it is declared, in phraseology peculiar to itself in this case, that the parties have " interchangeably set their hands and seals in duplicate " to the leases.    The signatures of the Trustees follow, and then Kinzie's signature, to whose name a seal is attached.    No seals are attached to the names of the Trustees ; but a single seal is placed to the left of the signatures of the Trustees.

It is therefore apparent, that it is not the seal of the corporation. It is neither so declared, nor does it seem so to be, in point of fact.    The mode of assenting to and authenticating acts of a corporate body, which uses a seal, is to affix the seal with a declaration, that it is the seal of the corporation, and to verify the act by the signatures of the president and secretary of the corporation.

The law, then, recognizing no other mode of authenticating instruments, like those in question, by the corporation, and being confined to this mode, and it not having been adopted, it is most certain, that the leases are a nullity, and conferred no rights whatever.    The Circuit Court, therefore, erred, in not sustaining the demurrer to the replication.

The judgment of the Circuit Court is reversed, and judgment rendered on the demurrer in this Court, for the defendant in the Court below, with costs.

*Judgment reversed.*

(1) Acts of 1835, 204.                    (2) Breese's App. 10.